UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
2020 MAY -5 A 10: 31
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| TEQELIA CUNNINGHAM, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CASE NO.: 2:20-CV-631-ACA |
| | ) |
| REPUBLIC FINANCE LLC, | ) JURY TRIAL DEMANDED |
| | ) |
| | ) |

## COMPLAINT

Now Comes, the Plaintiff Teqelia Cunningham (hereinafter "Plaintiff"), appearing *pro se* and brings suit against Defendant, Republic Finance (hereinafter "Defendants") and in support there of respectfully alleges violations of the Federal Telephone Consumer Protection Act 47 U.S.C. 227 *et seq.* ("TCPA")

## JURISDICTION AND VENUE

1. Jurisdiction and venue, for purposes of this action, are appropriate and conferred by 28 U.S.C 1331, Federal Question Jurisdiction, as this action involves violations of the Telephone Consumer Protection Act.

2. Subject matter jurisdiction and federal question jurisdiction, for purposes of this action, are appropriate and conferred by 28 U.S.C. 1331, which provides that the District

Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States; and, this action involves violations of 47 U.S.C 227(b)(1)(A)(iii). See Mims v. Arrow Fin. Servs, LLC, S.Ct. 740, 748 (2012) and Osorio V. State Farm Bank, F.S.B., 746 F.3d 1242, 1249 (11th Cir. 2014).  15 U.S.C 1601.

3. The alleged violations described herein occurred in Shelby County, Alabama. Accordingly, venue is appropriate with this Court under 28 U.S.C 1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## INTRODUCTION

4. The TCPA was enacted to prevent companies like Defendants from invading the privacy of American citizens and to prevent abusive "robo-calls."

5. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct 740 (2012).

6. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B., 746 F. 3d 1242 (11th Cir. 2014).*

7. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaints to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones, Federal Communications Commission, (May 27, 2015),

https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person and citizen of the State of Alabama, residing in Shelby County, Alabama.

9. Plaintiff is the "called party." See Breslow v. Wells Fargo Bank, N.A., 755 F. 3d. 1265 (11th Cir. 2014) and Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242 (11th Cir. 2014).

10. Defendant Republic Finance is a corporation responsible for attempting to collect an alleged consumer debt from Plaintiff.

11. Defendant, Republic Finance LLC, is a foreign limited liability company with its principal place of business located at 7031 Commerce Circle, Baton Rouge, LA 70809, and which conducts business in the State of Alabama and did conduct business with the

Plaintiff at its store in Alabaster, Alabama located at 9200 Hwy 119 Suite #1500 Alabaster, Alabama 35007.

12. Plaintiff is the subscriber, regular user and carrier of the cellular telephone numbers at issue in this action, (205) XXX-6128 , (205) XXX-8848 and (205) XXX-9937

13. Defendants' intentionally, knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone, within the last year, with such frequency as can reasonably be expected to harass and in effort to collect upon an alleged debt.

14. Defendants' calls to Plaintiff continued, on average, at least six times per day.

15. Upon information and belief, some or all of the calls Defendant's placed to Plaintiff's cellular telephone were placed using an " automatic telephone dialing system" (herein after "Autodialer") which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C. 227(a)(1) (hereinafter "autodialer calls").

16. Furthermore, each of the calls at issue were placed by Defendant using an artificial or prerecorded voice, as specified by the TCPA, 47 U.S.C. 227(B)(1)(A).

17. Since early 2019, Defendants began bombarding Plaintiff's cellular telephone in attempt to collect an alleged debt.

18. Upon receipt of the calls, Plaintiff's caller identification feature identified the calls were being initiated from, but not limited to, the phone numbers 205-621-8015.

19. On several occasions over the last year, Plaintiff instructed Defendant's agents to stop calling her cellular telephone.

20. Upon Plaintiff's receipt of one such call from Defendants' artificial or prerecorded message, held on the line to be connected to a live agent/representative and informed said agent/representative to immediately cease all calls to her cellular telephone; furthermore, Plaintiff informed Defendants' aforementioned agent/representative that its incessant calls were harassing him and demanded Defendants immediately cease all calls to her cellular telephone; thereby, unequivocally revoking any previously perceived expressed consent to be called using Defendant's ATDS (including a predictive dialer), artificial voice or prerecorded message.

21. During the aforementioned phone conversation with Defendants' agent/representative, Plaintiff explicitly revoked any previously perceived expressed consent Defendants may have believed it had for placement of telephone calls to Plaintiff's cellular telephone by the use of an ATDS or artificial voice or prerecorded message.

22. Each subsequent call Defendants placed to Plaintiff's cellular telephone was done so after she revoked consent and without the express consent of Plaintiff.

23. Each subsequent call Defendants placed to Plaintiff's cellular telephone was knowingly and willfully placed to her cellular telephone without express consent.

24. Plaintiff continued to experience and receive unwanted and harassing calls from the Defendant's.

25. On multiple occasions, Plaintiff informed Defendants to immediately cease calling her cellular telephone; however, despite these attempts. Defendants' calls to Plaintiff's cellular telephone continued.

26. Defendant called Plaintiff on her cellular telephone in excess of two hundred and fifty (250) times since April of 2019 in attempt to collect an alleged debt. Due to the extraordinary volume of calls Plaintiff received, Plaintiff was unable to maintain a fully contemporaneous call log of each and every call she received from Defendants.

27. Defendants have, or should be in possession and/or control of, call logs, account notes, "dialer reports" and/or other records that detail the exact number of calls they placed to Plaintiff.

28. Despite actual knowledge of their wrongdoing, Defendants continued their campaign of abuse by continuing to call Plaintiff despite not having Plaintiff's express consent to call her cellular telephone.

29. Defendants have corporate policies and/or procedures to use an ATDS (including a predictive dialer) or artificial voice or prerecorded message, and to place autodialed calls, just as they did to Plaintiff's cellular telephone in the case, with no way for the called party and recipient of the calls, including Defendants, to permit, elect, or invoke the removal of Plaintiff's cellular number from Defendants' call list.

30. The structure of Defendants' corporate policies and procedures permits the continuation of calls to individuals like Plaintiff, despite these individuals revoking any consent, or perceived consent, Defendants may have believed they had to place such calls.

31. Defendants' corporate policies and procedures provided no means for Plaintiff to have her cellular number removed from Defendants' call list; or, otherwise invoke and/or request the cessation and/or suppression of calls to Plaintiff from Defendants.

32. Defendants have corporate policies or procedures of using an ATDS (including a predictive dialer) or an artificial voice or prerecorded message to collect alleged debts from individuals, such as Plaintiff, for their financial benefit.

33. Defendants have had numerous complaints from consumers across the country against them asking to not be called; however, Defendants continue to call consumers.

34. Defendants have numerous complaints against it, across the country, asserting that its ATDS (including a predictive dialer) continues to call individuals who have revoked consent to be called by Defendants.

35. Defendants knowingly employ methods and/or have corporate policies and/or procedures designed to harass and abuse individuals such as Plaintiff.

36. Defendants knowingly employ methods that do not permit the cessation or suppression of autodialed calls to Plaintiff's cellular telephone.

37. None of Defendants' telephone calls placed to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C 227(b)(1)(A).

38. As acknowledged by Judge Easterbrook of the Seventh Circuit Court of Appeals in *Patriotic Veterans, Inc. v. Zoeller*, "every call uses some of the phone owner's time and mental energy, both of which are precious." 845 F.3d 303, 305-06 (7th Cir.), cert. Denied sub nom. Patriotic Veterans, Inc. v. Hill, 137 S. Ct. 2321, 198 L.Ed. 2D 715 (2017).

39. For each call Defendants placed to Plaintiff's cellular telephone without express consent, Plaintiff suffered from the occupation of her cellular telephone and cellular

telephone by unwelcome calls which made the cellular phone unavailable for legitimate incoming or outgoing calls.

40. For each call Defendants placed to Plaintiff's cellular telephone without express consent, Plaintiff suffered from unnecessary expenditure of her time. The time Plaintiff spent on answered calls was unnecessary because she repeatedly asked for calls to stop. Additionally, Plaintiff expended unnecessary time for unanswered calls by dealing with notification and call logs that reflected the unwanted calls, Furthermore, this also impaired the usefulness of the features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

41. Each and every call placed without express consent by Defendants to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff.

42. Each and every call Defendants placed to Plaintiff's cellular telephone without express consent resulted in the injury of unnecessary expenditure of Plaintiff's cellular telephone battery power.

43. As a result of aforementioned tenacious phone calls and collection efforts, Plaintiff was affected, both personally and individually, as she experienced an invasion of privacy and the intrusion upon her right of seclusion. Plaintiff also suffered from stress, humiliation, and aggravation due to the phone calls. Furthermore, Plaintiff was hindered by the loss of phone battery life as well as the cost of additional charging, and

the intrusion upon and occupation of the capacity of her cell phone. All of the above mentioned were caused by, and/or directly related to, Defendants/ attempts to collect a consumer debt allegedly owed by the Plaintiff.

## COUNT 1.
## REPUBLIC FINANCE LLC,
### d/b/a Republic Finance
### (Violation of TCPA)

44. Plaintiff incorporates and re alleges paragraphs one (1) through (43) as if fully set forth herein.

45. Defendant "Republic Finance", willfully violated the TCPA with respect to Plaintiff, especially for each of the ATDS (including a predictive dialer) calls it made to Plaintiff's cellular telephone after Plaintiff notified and requested Defendant that he wished for the calls to immediately cease.

46. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an ATDS (including a predictive dialer) or artificial voice of prerecorded voice message without Plaintiff's proper express consent and in violation of federal law, including 47 U.S.C 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Republic Finance LLC, for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violation of the these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

s/ *Teqelia C*

Teqelia Cunningham
224 Eagle Ln
Columbiana, Al 35115
205-587-6128
teqelia32@gmail.com